UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| JOHNNY FRANK ROYSTONSR, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:16-CV-00345-TRM |
| | ) | |
| vs. | ) | |
| | ) | |
| RONNIE MALONE, PATSY ROYSTON, TAMMY ROYSTON, | ) | |
| | ) | |
| Defendants | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned pursuant to 28 U.S.C. § 636 and by Order of Reference from the District Court [Doc. 5] for consideration of Plaintiff's motion to proceed *In Forma Pauperis* [Doc. 1] and all issues connected thereto.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). The statute therefore allows a litigant to commence a civil action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement, which must be met in order to proceed *in forma pauperis*, is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins, supra.* An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of

poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is GRANTED.

The Clerk is DIRECTED to file the complaint without prepayment of costs or fees. *Gibson v. R.G. Smith Co.*, 915 F.2d 262-63 (6th Cir. 1990); see *Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk, however, is not to issue process at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. See also *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989). Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court does not have subject matter jurisdiction. The Court can have jurisdiction by either the diversity statute, *see* 28 U.S.C. § 1332, or the federal question statute, *see* 28 U.S.C. § 1331.

Plaintiff is an inmate at Trousdale Turner Correctional Center, a Tennessee state penal institution. He has filed this case under 42 U.S.C. § 1983,[1] which "has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights." *Harajli*

---

[1] Section 1983 states:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*v. Huron Twp*., 365 F.3d 501, 505 (6th Cir. 2004) (internal quotation marks omitted). "A private actor acts under color of state law when its conduct is 'fairly attributable to the state.'" *Romanski v. Detroit Entm't, L.L.C*., 428 F.3d 629, 636 (6th Cir.2005) (quoting *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 947, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). His cause of action, however, does not arise from any conduct at the state penal facility.

In this case, Plaintiff alleges that the Defendants "had stole [sic] and sold [his] stuff and [his] vehicle." [Doc. 3, *Amended Complaint,* pg. 3]. He details his efforts to have the defendants charged criminally but to no avail. He contacted the Sullivan County Sheriff and the Sullivan County District Attorney, who apparently have refused to pursue this matter against the named Defendants. He also contacted the Tennessee Attorney General and Reporter in Nashville about the Defendants' conduct. All to no avail.

He alleges that the property taken by these individuals is valued at $8,000.00 ($6,000.00 for his vehicle and $2,000.00 for his other personal property) and asks the Court to order the filing of criminal charges against the Defendants "as they need to be held [ac]countable for their crimes" and for a judgment for the value of the stolen property. [Doc. 3, pg. 6].

Plaintiff has failed to state a claim under 42 U.S.C. § 1983. He does not allege that any of Defendants were state actors or acting under color of state law. He simply alleges a state tort of conversion of his property which is not properly cognizable under 42 U.S.C. § 1983, as he has pled it in this case. Thus, this Court lacks subject matter jurisdiction arising under 42 U.S.C. § 1983, or the federal question statute, *see* 28 U.S.C. § 1331, to rule on this case.

28 U.S.C. § 1332(a)(2) confers original jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state" where the amount in controversy exceeds $75,000. *Id*. The complete diversity requirement, as articulated in *Strawbridge v. Curtiss*, 7 U.S. 267 (1806),

applies to § 1332(a)(2). See e.g., *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *U.S. Motors v. General Motors Europe*, 551 F.3d 420, 423 (6th Cir. 2008). Plaintiff alleges that Defendant Ronnie Malone is a citizen and resident of Bristol, Tennessee. Plaintiff is also a resident of Tennessee. Thus, the Court also lacks diversity jurisdiction as parties are not completely diverse.

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a federal claim upon which relief can be granted. This Complaint as amended lacks any arguable basis for a recovery in Federal Court due to lack of jurisdiction. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. at 1831 (1989).

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis.*[2]

DATED this 6th day of January, 2017.

Respectfully Submitted,

*/s/ Clifton Corker*

CLIFTON L. CORKER
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).