UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JOHNNY FRANK ROYSTON, SR., ) | |
| ) | Case No. 2:16-cv-345 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Clifton L. Corker |
| RONNIE MALONE, PATSY ROYSTON, ) | |
| and TAMMY ROYSTON, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM**

Magistrate Judge Clifton L. Corker filed a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b) (Doc. 6) recommending that *pro se* Plaintiff Johnny Frank Royston, Sr.'s amended complaint (Doc. 3) be dismissed. Plaintiff filed a timely response objecting to the R&R. (Doc. 7.) The Court has reviewed the relevant portions of the record, and for the following reasons, the Court will: (1) **OVERRULE** Plaintiff's objection to the R&R (Doc. 7); (2) **ACCEPT** and **ADOPT** the R&R (Doc. 6); (3) **DISMISS** Plaintiff's amended complaint (Doc. 3); and (4) **DISMISS AS MOOT** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1).

**I.    BACKGROUND**

On November 14, 2016, Plaintiff filed a complaint against Defendants, along with a motion for leave to proceed *in forma pauperis*. (Docs. 1, 2.) Plaintiff amended his complaint on December 2, 2016. (Doc. 3.) Although the form complaint is styled "Complaint for Violation of Civil Rights (42 U.S.C. Section 1983)" and Plaintiff is presently confined at the Trousdale

Turner Correctional Center, Plaintiff does not allege a cause of action against any state entities. (*Id.*) Instead, Plaintiff alleges that three individual Defendants, who are not associated with the correctional facility, stole a vehicle and personal property that belonged to him, valued at $6,000 and $2,000, respectively. (*Id.* at 6.) Plaintiff lists an address in Bristol, Virginia, for all three Defendants, but represents that Defendant Ronnie Malone is employed in Bristol, Tennessee. (*Id.* at 3.) Although Plaintiff alleges that he contacted a number of state officials in an attempt to bring criminal charges against Defendants, he does not list any of these state officials as defendants. (*Id.* at 3–5.)

In accordance with 28 U.S.C. § 1915(e)(2), which imposes an obligation on district courts to dismiss cases filed *in forma pauperis* if the action is frivolous or fails to state a claim upon which relief may be granted, Magistrate Judge Corker reviewed Plaintiff's amended complaint and recommended that the Court dismiss the complaint for: (1) failure to state a claim under 42 U.S.C. § 1983; and (2) lack of subject-matter jurisdiction. (Doc. 6.) Plaintiff objected to Magistrate Judge Corker's R&R, but conceded that he "file[d] with the wrong court concerning [his] property and vehicle being stolen and sold by drug dealers and car thiefs [sic]." (Doc. 7, at 1.) Although his *pro se* objection is unclear, he appears to argue that the Court should assume jurisdiction over this matter so that these "drug dealers and car thiefs [sic]" may be brought to justice. (*Id.*)

**II.   STANDARD OF REVIEW**

If a party objects to the proposed findings and recommendations of a magistrate judge, he may file written objections within fourteen days. 28 U.S.C. § 636(b)(1)(C). The district court must then undertake a *de novo* review of the specific proposed findings or recommendations to which objection is made. *Id.* "[T]he district court need not provide *de novo* review where the

objections are 'frivolous, conclusive, or general.' " *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

### III. ANALYSIS

The Court agrees with Magistrate Judge Corker's analysis and will accept and adopt his R&R. Under 28 U.S.C. § 1915(e)(2), if a prisoner files a motion to proceed *in forma pauperis*, a district court is obligated to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted. "A complaint is frivolous where [a] plaintiff fail[s] to present a claim with an arguable or rational basis in law or in fact." *Budrow v. Leffler*, 86 F. App'x 899, 900 (6th Cir. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), a district court may *sua sponte* dismiss a suit over which it does not possess subject-matter jurisdiction. *West v. Adecco Emp't Agency*, 124 F. App'x 991, 992 (6th Cir. 2005).

Here, the Court lacks subject-matter jurisdiction over Plaintiff's amended complaint. First, Plaintiff is unable to establish federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983. Pleadings of *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Rule 12(b)(6) dismissal standard, however, still applies when district courts review *pro se* litigant's complaints pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Accordingly, even a *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A claim for relief under 42 U.S.C. § 1983 "has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights." *Harajli v. Huron Twp.*, 365 F.3d 501, 505 (6th Cir. 2004) (internal quotation marks omitted). "A private actor acts under color of state law when its conduct is fairly attributable to the state." *Romanski v. Detroit Entm't, LLC*, 428 F.3d 629, 636 (6th Cir. 2005) (internal quotation marks omitted).

As Magistrate Judge Corker noted, Plaintiff's complaint "does not arise from any conduct at the state penal facility," nor does he "allege that any of Defendants were state actors or acting under state law. He simply alleges a state tort of conversion of his property which is not properly cognizable under 42 U.S.C. § 1983 . . . ." (Doc. 6, at 3.) Because Plaintiff does not meet the two requirements to state a claim under § 1983, the Court concludes that Plaintiff has failed to state a § 1983 claim. Accordingly, the Court lacks federal-question jurisdiction under 28 U.S.C. § 1331.

Next, the Court also lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332, which confers jurisdiction over cases between "citizens of different States" where the amount in controversy exceeds $75,000. Accepting as true Plaintiff's representations as to Defendants' home addresses in Bristol, Virginia, Plaintiff is diverse from all Defendants. However, Plaintiff's complaint does not meet the amount-in-controversy requirement. His amended complaint values the stolen vehicle at $6,000 and the stolen personal property at $2,000, for a total of $8,000—well short of the $75,000 requirement. As such, the Court lacks diversity jurisdiction. *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009).

Finally, Plaintiff's objection admits that he "file[d] with the wrong court . . . ." Although Plaintiff wishes to see Defendants punished for their alleged crimes, the Court lacks subject-matter jurisdiction to hear his claims, and his amended complaint must be dismissed.

## IV. CONCLUSION

Accordingly, the Court **OVERRULES** Plaintiff's objections (Doc. 7), **ACCEPTS** and **ADOPTS** the R&R (Doc. 6), and **DISMISSES** Plaintiff's amended complaint (Doc. 3). Because this matter will be dismissed, the Court further **ORDERS** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED AS MOOT**.

An appropriate order will enter.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**